UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv60960

JERRY PAUL, individually and
on behalf of a class of others
similarly situated,

      Plaintiff,

v.                                        **COMPLAINT – CLASS ACTION**

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

      Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING**
**INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative class, Plaintiff JERRY PAUL ("Plaintiff"), seeks redress for the unlawful conduct of Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to United States consumers, whereby each such letter contains identical violations of §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and/or 1692f of the FDCPA.

**INTRODUCTION**

1.     The FDCPA "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2.      "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3.      As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letter, Defendant falsely claimed that certain debts were barred by the statute of limitations, when they were not, in violation of §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and/or 1692f..  Accordingly, Plaintiff, on behalf of the putative class, seeks  statutory damages  under the  FDCPA over the punitive class timeframes set forth herein.

## DEMAND FOR JURY TRIAL

4.      Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

6.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

7.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## PARTIES

8.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9.      Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10.     Defendant is a Pennsylvania corporation, with its principal place of business located in Dickson City, PA.

11.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14.     The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

15.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16.     On or about March 29, 2019 Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17.     Below is an excerpt taken directly from the Collection Letter which lists the multiple debts that defendant is attempting to collect and, *inter alia*, the dates of service:

| CFSI ACCOUNT # | CURRENT CREDITOR | ORIGINAL CREDITOR | ORIGINAL ACCOUNT # | AMOUNT DUE | SERVICE DATE |
|---|---|---|---|---|---|
| 38455099 | Pendrick Capital Partners | PHOENIX EMERGENCY MEDICINE OF | 1124269.145367310 | $373.00 | 06/23/2014 |
| 38455100 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 4034205.341367174 | $866.00 | 06/09/2014 |
| 38455101 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 3052081.241758478 | $240.00 | 03/30/2014 |
| 38533271 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 3052081.241694704 | $105.69 | 03/11/2014 |
| 38533273 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 3052081.242212673 | $896.00 | 05/26/2014 |
| 38533275 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 3052081.242229011 | $240.00 | 06/02/2014 |
| 38533277 | Pendrick Capital Partners | PHOENIX EMERG MED OF BROWARD | 3052081.242603338 | $1,007.00 | 08/19/2014 |

Dear Jerry Paul.

*See* Exhibit A.

18.     At the bottom of the Collection Letter, the following disclosure is made:

The legal time limit (statute of limitations) for suing to collect this debt has expired. Even when the statute of limitations has expired, you may choose to make payments on the debt. Be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable may start again.

*See* Exhibit A.

19.     In Florida, there is a five year statute of limitation for medical debts in which a written agreement to pay exists.

20.     Here, there are multiple accounts that are less than five years old and therefore, contrary to the statement made by Defendant regarding the enforceability of the debts listed, Plaintiff *can* be sued.

21.     Defendant has therefore violated multiple sections of the FDCPA by making false, misleading and deceptive statements regarding the enforceability of Plaintiff's debts.

22.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## **CLASS ACTION ALLEGATIONS**

23.     This action is brought on behalf of the following class, *to wit*, the "**Statute of Limitations Class**."

24.     The "**Statute of Limitations Class**" consists of:

(i) all persons in the United States (ii) who were mailed a letter (iii) between April 12, 2018 and April 12, 2019 (iv) by Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant claimed that the statute of limitations had expired with regard to a debt when it actually did not.

25.     Plaintiff alleges on information and belief that the Statute of Limitations Class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to consumers attempting to collect consumer debts.

A.     _EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT_

26.     Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

27.     With respect to the **Statute of Limitations Class**:

(a)     The _**factual issues common**_ to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

(b)     The _**principal legal issue**_ of the class is whether Defendant violated §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and/or 1692f by falsely claiming that a debt was barred by the statute of limitations.

28.     Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B.   *TYPICALITY*

29.     Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C.   *ADEQUACY*

30.     Plaintiff is an adequate representative of each of the class.

31.     Plaintiff will fairly and adequately protect the interests of the class.

32.     Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and other consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.   *PREDOMINANCE AND SUPERIORITY*

33.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

> (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request

certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and/or 1692f

33.    Plaintiff incorporates by reference paragraphs 13-34 of this Complaint as though fully stated herein.

34.    Pursuant to § 1692e(2)(a) of the FDCPA, Defendant is prohibited from, *inter alia*, falsely representing the character, amount or legal status of the consumer debt.  *See* 15 U.S.C. § 1692e(2)(a).  Here, by falsely stating that the Plaintiff's debt(s) were no longer legally enforceable, Defendant falsely represented the character and legal status of the debts it sought to collect.

35.    Section 1692e(5) of the FDCPA prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Here, by falsely stating that the Plaintiff's debt(s) were no longer legally enforceable, Defendant threatened to take an action (or omission) that it cannot legally take nor did it intend to take.

36.    Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Here, by falsely stating that the Plaintiff's debt(s) were no longer legally enforceable, Defendant made false, misleading and/or deceptive representations to members of the class with regards to their actual rights.

37.    Section 1692f of the FDCPA prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Here, by falsely stating that the Plaintiff's

debt(s) were no longer legally enforceable, Defendant utilized unfair and/or unconscionable means in collecting debts from members of the class.

WHEREFORE, Plaintiff, individually and on behalf of the Statute of Limitations Class request that the Court enter judgment in favor of Plaintiff and the G-Notice Class and against Defendant for:

(1)  Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)  Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(1)  Such other or further relief as the Court deems proper. Such other or further relief as the Court deems proper.

DATED: April 14, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                     .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540