UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JERRY PAUL, individually
and on behalf all others similarly situated,

Plaintiff,                                      Case No.: 0:19-cv-60960-WPD

v.

COMMONWEALTH FINANCIAL
SYSTEMS, INC.,

Defendant.
_____/

**DEFENDANT, COMMONWEALTH FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Commonwealth Financial Systems, Inc. (CFSI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Class Action Complaint filed by plaintiff, Jerry Paul (plaintiff), and states:

**INTRODUCTION**

1. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 1 state otherwise, denied.

2. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 2 state otherwise, denied.

3. CFSI denies the allegations in ¶ 3.

**DEMAND FOR JURY TRIAL**

4. CFSI denies the allegations in ¶ 4.

## JURISDICTION AND VENUE

5. CFSI denies the allegations in ¶ 5.

6. CFSI denies the allegations in ¶ 6.

7. CFSI denies the allegations in ¶ 7.

## PARTIES

8. Upon information and belief, CFSI admits the allegations in ¶ 8.

9. CFSI denies the allegations in ¶ 9 as calling for a legal conclusion.

10. CFSI admits it is a corporation with an office in Dickson City, Pennsylvania. Except as specifically admitted, CFSI denies the allegations in ¶ 10 as calling for a legal conclusion.

11. CFSI admits part of its business is the collection of debts and it uses the telephone and mail to do so. Except as specifically admitted, CFSI denies the allegations in ¶ 11.

12. CFSI denies the allegations in ¶ 11.

## FACTUAL ALLEGATIONS

13. CFSI denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. CFSI denies the allegations in ¶ 14 as calling for a legal conclusion.

15. CFSI admits accounts in plaintiff's name was placed with CFSI for collection. Except as specifically admitted, CFSI denies the allegations in ¶ 15.

16. Exhibit A speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 16 state otherwise, denied.

17. Exhibit A speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 17 state otherwise, denied.

18. Exhibit A speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 18 state otherwise, denied.

19. CFSI denies the allegations in ¶ 19 as calling for a legal conclusion.

20. CFSI denies the allegations in ¶ 20.

21. CFSI denies the allegations in ¶ 21.

22. CFSI denies the allegations in ¶ 22.

## CLASS ACTION ALLEGATIONS

23. CFSI admits plaintiff purports to bring this action on behalf of a Class, but denies any violations, liability or wrongdoing under the law. CFSI specifically denies plaintiff can meet the requirements set forth in Fed. R. Civ. P. 23. Except as specifically admitted, CFSI denies the allegations in ¶ 23.

24. CFSI denies the allegations in ¶ 24.

25. CFSI denies the allegations in ¶ 25.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

26. CFSI denies the allegations in ¶ 26.

27. CFSI denies the allegations in ¶ 27, including subparts a-b.

28. CFSI denies the allegations in ¶ 28.

B.   *TYPICALITY*

    29.   CFSI denies the allegations in ¶ 29.

C.   *ADEQUACY*

    30.   CFSI denies the allegations in ¶ 30.

    31.   CFSI denies the allegations in ¶ 31.

    32.   CFSI denies the allegations in ¶ 32.

D.   *PREDOMINANCE AND SUPERIORITY*

    33.   CFSI denies the allegations in ¶ 33, including subparts a-b.

    34.   CFSI denies the allegations in ¶ 34.

*COUNT I.*
**VIOLATION OF 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and/or 1692f**

[sic]   33.   CFSI reasserts the foregoing as if fully stated herein.

    34.   CFSI denies the allegations in ¶ 34.

    35.   CFSI denies the allegations in ¶ 35.

    36.   CFSI denies the allegations in ¶ 36.

    37.   CFSI denies the allegations in ¶ 37.

**CFSI'S AFFIRMATIVE DEFENSES**

1.   Upon information and belief, this Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the conditions of admission. Therefore, the complaint should be dismissed and plaintiff should be compelled to arbitrate this matter.

2. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3. CFSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of CFSI's purported violations.

4. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than CFSI and were beyond the control or supervision of CFSI or for whom CFSI was and is not responsible or liable.

7. Plaintiff has failed to state a claim against CFSI upon which relief may be granted.

WHEREFORE, Defendant, Commonwealth Financial Systems, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

>3350 Buschwood Park Drive, Suite 195
>Tampa, Florida 33618
>Telephone: (813) 890-2460
>Facsimile: (877) 334-0661
>mschuette@sessions.legal
>dvanhoose@sessions.legal
>
>*Attorneys for Defendant,*
>*Commonwealth Financial Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 7th day of May 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>Jibrael S. Hindi, Esq.
>The Law Offices of Jibrael S. Hindi
>110 S.E. 6th St., 17th Floor
>Fort Lauderdale, FL 33301
>jibrael@jibraellaw.com

>*/s/ Michael P. Schuette*
>Attorney